## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **Plaintiff** | : | **No. 1:16-cv-02225** |
| | : | |
| | : | **(Judge Kane)** |
| | : | |
| **KAREN L. BICKINGS,** | : | |
| **Defendant** | : | |

## ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On November 3, 2016, Plaintiff United States of America, on behalf of the United States Department of Agriculture's Rural Housing Service ("RHS"), filed a complaint against Defendant Karen L. Bickings, alleging that Defendant defaulted on a promissory note and a mortgage. (Doc. No. 1 ¶ 8.) According to the complaint, on September 1, 2016, the RHS loaned Defendant $106,000.00 under Title V of the Housing Act of 1949, 42 U.S.C. § 1471, et. seq. (Id. ¶ 3.) Defendant later executed a promissory note and a mortgage on property at 5295 East Berlin Road in East Berlin, Pennsylvania ("East Berlin property"), to secure Plaintiff against loss from the loan. (Id. ¶¶ 4-5). The note and mortgage are now allegedly in default because Defendant failed to "pay the installments of principal and interest when due." (Id. ¶ 8.) Plaintiff seeks to declare an amount of $140,516.00 as immediately due and demands that Defendant be "barred and foreclosed of all rights" in the mortgaged East Berlin property. (Id. ¶ 9-10.)

On January 23, 2017, Plaintiff filed a motion for service pursuant to Federal Rule of Civil Procedure 4(e)(1). (Doc. No. 3.) Specifically, Plaintiff moves the Court for an Order directing service by:

> 1) Posting a copy of the Summons and Complaint in Mortgage Foreclosure on the property to be foreclosed and 2) Mailing by certified mail a copy of the Summons and Complaint in Mortgage Foreclosure to Defendants' [sic] last known address, 5295 East Berlin Road[,] East Berlin, PA 17316, in accordance with the law of

the State of Pennsylvania, Pennsylvania Rule of Civil Procedure 430(a) and Pennsylvania Rule of Civil Procedure 410(c)(2).

(Id. at 1.)  Plaintiff asserts that Defendant "cannot be found within the Eastern District of Pennsylvania,"[1] that personal service at the East Berlin property was unsuccessful, and that Plaintiff has made a good faith effort to locate Defendant.  (Id. at 1-2.)

Federal Rule of Civil Procedure 4(e)(1) provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1). Here, in its motion for service, Plaintiff cites Pennsylvania Rules of Civil Procedure 410(c)(2) and 430(a) as the basis for effectuating the requested service upon Defendant.  (Doc. No. 3 at 1.) Pennsylvania Rule of Civil Procedure 430(a) provides that:

> If service <u>cannot be made</u> under the applicable rule the plaintiff may move the court for a special order directing the method of service. The motion shall be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service <u>cannot be made</u>.

Pa. R.C.P. No. 430(a) (emphasis added).  Pennsylvania Rule of Civil Procedure 410(c)(2) states that, "[i]f service is made pursuant to an order of court under Rule 430(a), the court shall direct one or more of the following methods of service . . . [including] posting a copy of the original process on the most public part of the property."  Pa. R.C.P. No. 430(c)(2).

"Service by special order is an extraordinary measure that is appropriate only after all other methods of service available under the rules have been exhausted."  <u>Countrywide Home Loans, Inc. v. Stringer</u>, No. 07-2072, 2008 WL 3853239, at *2 (M.D. Pa. Aug. 15, 2008) (Vanaskie, J.) (collecting cases).  Plaintiff bears the burden of showing: "(1) an unsuccessful attempt to properly serve the defendant; (2) a good faith effort to locate the defendant; and, (3) a

---

[1] The East Berlin property is located within the Middle District of Pennsylvania.  The Court construes Plaintiff's mention of the Eastern District of Pennsylvania as an oversight.

method of alternative service that is reasonably calculated to give actual notice to the defendant."

Id.  Pennsylvania Rule of Civil Procedure 430(a) offers the following illustrations of a "good

faith effort to locate the defendant:"

> (1) inquiries of postal authorities including inquiries pursuant to the Freedom of Information Act, 39 C.F.R. Part 265, (2) inquiries of relatives, neighbors, friends, and employers of the defendant, (3) examinations of local telephone directories, courthouse records, voter registration records, local tax records, and motor vehicle records, and (4) a reasonable internet search.

Pa. R.C.P. No. 430.  However, "[a]lternative service is only appropriate when service 'cannot be

made' under the applicable Rule, and only as a last resort."  Grove v. Guilfoyle, 222 F.R.D. 255,

257 (E.D. Pa. 2004) (emphasis omitted).

Here, Plaintiff states that it inquired with postal authorities, filed inquiries pursuant to the

Freedom of Information Act, reviewed local telephone directories, and queried "Voters

Registration" as well as the "Board of Assessments."  (Doc. No. 3 ¶ 4.)  Plaintiff also submitted

an affidavit stating that a call was made to a "possible relative," two calls were made to "possible

neighbor[s]," and that searches for additional information on Facebook, LinkedIn, and Google

proved unfruitful.  (Doc. No. 3-3 at 2.)  Despite the varied efforts made in locating Defendant,

the Court is unpersuaded that "all other methods of service available under the rules have been

exhausted." Stringer, 2008 WL 3853239, at *2.

Specifically, the affidavit does not state whether an inquiry of tax records were made to

locate Defendant and provides that only three calls were made and no messages were left with

"possible neighbor[s]" and a "possible relative." (Doc. No. 3-3 at 2.)  The Court declines to find

that Plaintiff is faced with the "last resort" to effectuating service when only three unsuccessful

attempts were made at calling two "possible neighbor[s]" and a "possible relative."  See United

States v. Coleman, No. 4:16-CV-01695, 2017 WL 2080205, at *2 (M.D. Pa. May 15, 2017)

(denying a motion for service by posting property after finding that a plaintiff had "not properly

exhausted [its] inquiry of Defendant's relatives, neighbors, and friends"); <u>United States v. Kline</u>, No. 17-0200, 2017 WL 2080237, at *2 (M.D. Pa. May 15, 2017) (same); <u>United States v. Smith</u>, No. 16-5650, 2017 WL 395486, at *2 (E.D. Pa. Jan. 30, 2017) (concluding that efforts to locate a defendant were insufficient, despite numerous record searches and a social media inquiry, where an investigator unsuccessfully called "a possible relative and a possible neighbor" without leaving a message, declined to contact the current owners of the defendant's last-known address, and made "made no inquiry of voter registration records or tax records"); <u>Stringer</u>, 2008 WL 3853239, at *3 n.9 (noting that an "investigation left several stones unturned" and citing the investigator's decision not to interview the current tenant, the defendant's husband, or "additional neighbors, relatives, employers, or local postal carriers" as examples thereof).

Therefore, the Court finds that Plaintiff's has not sufficiently demonstrated that "all other methods of service available under the rules have been exhausted" or that the "extraordinary measure" of service by special order is warranted under the circumstances. <u>See</u> <u>Stringer</u>, 2008 WL 3853239, at *2. **ACCORDINGLY**, on this 22nd day of August 2017, **IT IS ORDERED THAT** Plaintiff's motion for service (Doc. No. 3), is **DENIED WITHOUT PREJUDICE**. Plaintiff may renew its motion for service within thirty (30) days of the date of this Order.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania
